F I L E D
United States Court of Appeals
Tenth Circuit

MAR 12 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHRISTOPHER T. BELLAIRS,

Plaintiff-Appellant,

v.

COORS BREWING COMPANY,

Defendant-Appellee.

No. 95-1486
(Dist. of Colorado)
(D.C. No. 94-B-1405)

ORDER AND JUDGMENT[*]

Before **HENRY**, **RONEY**[**]**,** and **MURPHY**, Circuit Judges.

Appellant Christopher T. Bellairs was terminated by Coors Brewing Co.

("Coors") for sexually harassing a female co-worker in violation of Coors' sexual

harassment policy.  Bellairs brought this action for reverse gender and race

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Paul H. Roney, Senior Circuit Judge for the 11th Circuit Court
of Appeals, sitting by designation.

2000e to 2000e-17, and for violation of his rights under 42 U.S.C. § 1981.

Bellairs alleged Coors treated him differently from his female, Hispanic, and African-American co-workers who allegedly also sexually harassed other employees but were not terminated. Bellairs additionally brought claims against Coors for breach of contract and outrageous conduct. He now appeals the district court's order granting summary judgment in favor of Coors, but only with respect to his claims for reverse discrimination and breach of contract. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRMS the ruling of the United States District Court for the District of Colorado.

**BACKGROUND**

Bellairs was employed by Coors from December 1974 until his termination for sexual harassment in April 1993. In March 1993, Kris Kosirog, Bellairs' female co-worker in the can manufacturing warehouse, complained to the acting warehouse team leader that she "need[ed Bellairs] to leave [her] alone." Based on this complaint, the acting team leader called a meeting with Kosirog, Bellairs, and the team leader. At the meeting, Bellairs was disruptive and denied the allegations against him. Kosirog later met with Rich Jakubiak of Employee Relations and relayed further information that Bellairs had made derogatory sexual remarks about her in the warehouse. Jakubiak then interviewed other

warehouse employees, three of whom corroborated Kosirog's claims.[1]  The acting

warehouse team leader then terminated Bellairs based on an investigation of the

claims against him and in light of Coors' personnel policies.

Coors has a personnel policy which both parties have agreed created a

binding employment contract.  Policy W-3 contains an explanation of Coors'

disciplinary procedures:

> Progressive discipline steps are:
> -       a first written warning for first offense
> -       a final written warning for the second offense
> -       discharge for the third offense.
> Disciplinary actions for absenteeism and policy/performance offenses
> are administered separately.
> All disciplinary actions remain in effect and in the employee's
> personnel file for a 12 month period.  Progressive discipline is based
> only on the last 12 month period.  Supervisors, however, are
> expected to assess an employee's entire work history before issuing
> discipline.

Bellairs' termination was based on "violations of Coors' policies D-1:

Discrimination and Sexual Harassment and gross misconduct in W-3:  Work Rules

and Corrective Discipline."  Pursuant to policy W-3, the acting warehouse team

leader relied on Bellairs' prior disciplinary record which contained several first

and final warnings for various types of misconduct.  At the time Bellairs was

terminated, he was on a final written warning for sleeping on the job.  In addition,

---

[1]  The three employees who witnessed Bellairs' sexual comments about
Kosirog were caucasian males.

-3-

Coors had received complaints in the past that Bellairs had sexually harassed other co-workers.

Coors' personnel policy provides a process for appeal of any employment decision, and Bellairs accordingly appealed his termination to Coors' Appeal Board. The board upheld his termination, finding the termination justified because Bellairs had violated Coors' policies by creating a hostile work environment for Kosirog. Next, Bellairs filed a claim with the Equal Employment Opportunity Commission ("EEOC") which resulted in a finding of no probable cause. Bellairs then filed this action.

Before the district court, Bellairs argued that Coors had treated him disparately because he was a white male. Specifically, Bellairs argued that Kosirog, an Hispanic male employee, and an African-American employee had all been accused of sexual harassment by co-employees yet were not terminated. Based on these facts, Bellairs claimed that Coors discriminated against him in terminating him because he was a white male. Bellairs also claimed that Coors breached its employment contract by terminating him.

The United States District Court for the District of Colorado granted Coors' motion for summary judgment, finding that Bellairs failed to state a *prima facie* case of race or gender discrimination and that Bellairs presented no genuine issue

of material fact as to whether Coors breached its employment contract. Bellairs now appeals.

## ANALYSIS

This court reviews a decision granting summary judgment *de novo*, viewing the record in the light most favorable to the non-moving party. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Wolf*, 50 F.3d at 796 (citations omitted).

With respect to Bellairs' reverse gender and race discrimination claims, this court determines the summary judgment standard was met. In the absence of direct evidence of discrimination,[2] Title VII disparate treatment claims require a three-part burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff must establish a *prima facie* case of

---

[2] The district court held that Bellairs did not produce any direct evidence of discrimination and Bellairs does not contest that holding.

discrimination. *Id.* at 802. If the plaintiff meets this initial burden, the burden

shifts to the employer to "articulate some legitimate, nondiscriminatory reason"

for the employment decision. *Id.* If the defendant meets this burden, the burden

then reverts back to the plaintiff to prove that the reasons proffered by the

defendant are mere pretext. *Id.* at 804; *Randle v. City of Aurora*, 69 F.3d 441,

452-53 (10th Cir. 1995).

Coors conceded, for purposes of its summary judgment motion, that

Bellairs could establish his *prima facie* case of gender and racial discrimination.[3]

Coors, however, met its subsequent burden by establishing a legitimate, non-

discriminatory reason for terminating Bellairs: gross misconduct in the form of

sexual harassment. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507

(1993); *EEOC v. Flasher Co.*, 986 F.2d 1312, 1316, 1318 (10th Cir. 1992).

Bellairs' termination was explained by legitimate employment decisions.

Coors offered evidence that it terminated Bellairs because it determined after an

---

[3] On appeal, Bellairs claims that because Coors conceded Bellairs was able to establish a *prima facie* case of discrimination, he went no further to present evidence of a *prima facie* case. Accordingly, Bellairs claims the district court erroneously found that he failed to present sufficient evidence in support of his *prima facie* case. Assuming without deciding the district court erred in its analysis of Bellairs' *prima facie* case, we may "'affirm the grant ... of summary judgment if any [other] proper ground exists to support the lower court's ruling.'" *Cheyenne-Arapaho Tribes of Oklahoma v. United States*, 966 F.2d 583, 587 (10th Cir. 1992), *cert. denied*, 113 S. Ct. 1643 (1993). Bellairs' failure to present sufficient evidence establishing pretext, as discussed below, is an appropriate alternative basis to affirm the district court's grant of summary judgment.

investigation that Bellairs sexually harassed Kosirog. Specifically, Coors presented evidence that Kosirog's accusations of sexual harassment against Bellairs were corroborated by three witnesses. In addition, Bellairs had a substantial history of employment infractions, including complaints for sexual harassment, and was on a final written warning for sleeping on the job at the time he was terminated. Coors thus presented sufficient evidence to establish a legitimate, non-discriminatory reason for terminating Bellairs.

Once Coors made this showing, Bellairs had the burden of presenting "evidence that the defendant's proffered nondiscriminatory reason was pretextual--i.e., unworthy of belief." *Randle v. City of Aurora,* 69 F.3d 441, 452-53 n. 17 (10th Cir. 1995). Bellairs relied on the following as evidence of pretext: 1) he was terminated for sexual harassment while three minority employees also accused of sexual harassment were not terminated; 2) Coors equivocated on its reason for terminating Bellairs; 3) the suspect credibility of the three corroborating witnesses.[4]

---

[4] We do not address two of Bellairs' additional pretext arguments: 1) Coors improperly relied on Bellairs' disciplinary records which were more than 12 months old; and 2) Coors altered Bellairs' disciplinary summary. They were raised for the first time on appeal. *See Walker v. Mathers*, 959 F.2d 894, 896 (10th Cir. 1992) (stating general rule that this court will not consider issue not raised below).

With respect to Bellairs' first pretext argument, we note that "Title VII does *not* make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination *based upon* an employee's protected class characteristics." *Flasher*, 986 F.2d at 1319 (emphasis in original). In Bellairs' case, he provides no support for his claim that the differences in treatment were in any way illegal.

Bellairs could have provided support for this pretext argument had he been able to show that the three minority employees were similarly situated. *See id.* at 1316. To the contrary, however, Bellairs' situation was different from the other employees. The sexual harassment claims against Bellairs were corroborated by three witnesses; the claims against two of the three minority employees had no witness corroboration and the claim against the third was resolved when the parties reached an agreement. Bellairs presented no evidence that any of the other three employees had a history of prior sexual harassment complaints, yet Bellairs had a history of such complaints. His first pretext argument thus does nothing more than describe "unexplained differences in treatment."

With respect to Bellairs' second pretext theory, it is true that this court has inferred pretext when an employer changed its reason for terminating an employee. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1380-81 (10th Cir. 1994)

-8-

(inferring pretext where employer initially stated reason for termination was economic, but later justified termination based on employee's "inability to have a cohesive faculty"). Bellairs reasons that Coors' explanation is pretextual because Coors initially referred to the termination as "gross misconduct" without using the term "harassment" and only now claims that it terminated Bellairs for sexual harassment. However, this argument is merely semantical. We agree with the district court that there is no evidence Coors initially stated any reason for terminating Bellairs other than his violation of personnel policies W-3 and D-1: sexual harassment and gross misconduct.

Finally, in making his third pretext argument, Bellairs claims that he presented sworn testimony of two of Coors' three witnesses inconsistent with their original statements given during Coors' initial investigation. He also notes that Coors' third witness did not sign his statement until six months after Bellairs was terminated. Bellairs correctly asserts: "If a plaintiff succeeds in raising a genuine factual issue regarding the authenticity of the employer's stated motive, summary judgment is inappropriate because it is for the trier of fact to decide which story is to be believed." *See Randle*, 69 F.3d at 453.

We note, however, that at issue is not the truthfulness or consistency of each witness' statement, but rather Coors' motivation at the time Bellairs was terminated. In order to be material, any question of fact which Bellairs raises

needs to "demonstrat[e] that the defendant's proffered non-discriminatory reason is unworthy of belief." *Id.* With these alleged inconsistent statements, Bellairs does not challenge the believability of Coors' reason for terminating Bellairs. Rather, Bellairs challenges only the credibility of witness statements made during depositions which happened after Coors' decision to terminate Bellairs. Moreover, Bellairs does not present a different story for a jury to believe. *See Washington v. Garrett*, 10 F.3d 1421, 1433 (9th Cir. 1993). He claims that Coors' real motivation for terminating him was his status as a white male; but he presents no evidence or disputed fact to show that Coors' profferred reason is unworthy of belief.

Thus, we find the district court did not err in granting Coors' summary judgment motion with respect to Bellairs' claim of reverse discrimination.

Bellairs also appeals the district court's decision to enter summary judgment in favor of Coors on Bellairs' breach of employment contract claim. Bellairs and Coors agree that Coors' personnel policies created a binding contract. Thus, we need only address whether that contract was breached.

In their summary judgment memoranda, both parties argued the issue whether Bellairs' breach of contract claim was barred by Coors' "final and binding" Appeals Board decision. Like the district court, we find it unnecessary to address this argument. Rather, we agree with the court that the issue is

"whether a reasonable trier of fact could conclude [Coors] failed to follow its disciplinary and termination procedures."

We further agree with the district court that no reasonable trier of fact could have so found. Bellairs does not dispute his awareness of Coors' personnel policies. In fact, he voluntarily availed himself of Coors' Appeal Board. In addition, Bellairs did not request the district court to review the Appeal Board's decision, nor did he create a genuine dispute as to whether Coors fully followed its procedures. We thus affirm the district court's ruling that, "as a matter of law, no reasonable juror could find that [Coors] breached its employment contract with Bellairs based on the evidence presented in the motion and response." *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the ruling of the United States District Court for the District of Colorado.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge


-11-